Archibald C. Wemple, J.
The court here is called upon to determine whether this application comes within the purview of the rule pronounced in People v. Prosser (309 N. Y. 353), decided December 1,1955, or whether the case should be decided under the rule laid down in People v. Begue (1 A D 2d 289 [1956]). These rules are set forth later in this decision.
In this case the facts are undisputed that the defendant was indicted by a Grand Jury of Schenectady County in January, 1950 and charged with the crimes of burglary, grand larceny and petit larceny. At the time of his indictment the defendant was an inmate of Clinton Prison at Dannemora, under a sentence for a crime committed in Albany County in the year 1949. After completing his term at Dannemora in 1955, he was returned to Schenectady County and arraigned on the 1950 Schenectady indictment. He was fully advised of his constitutional rights. In his petition the defendant admits that he informed the judge that he wished to plead “guilty” to this indictment. Thereupon the then County Judge, James W. Liddle, assigned one Raymond Ham, Esq., as counsel, and adjourned the case. After a short interval the defendant was brought back into court with his counsel and voluntarily entered a plea of guilty. It now appears that the assigned counsel was not aware that the defendant had just completed a five-year term in Dannemora, arising out of the Albany indictment.
The matter was adjourned until April 12, 1955 at which time the defendant was charged, in an information filed by the District Attorney, with a previous felony conviction arising out of an *224 offense in Baltimore, Maryland, in 1941. The defendant waived the usual two-day waiting period and was then sentenced as a second offender. It should he noted that there was a period from March 22,1955 to April 12,1955, during all of which the defendant in his plea and sentence was represented by counsel in all court proceedings. It further appears that at no time did the defendant or his counsel move to dismiss the indictment for failure to prosecute the same promptly.
At the time of the arraignment on March 22,1955 it was self-evident from reading the indictment that the offense had occurred on or about December 22,1949. After a voluntary and intentional plea of guilty, with advice of counsel, occurring on March 22, 1955, followed by a subsequent sentence on April 12, 1955, the defendant now contends that his conviction should be set aside and the indictment dismissed because the defendant was deprived of his constitutional right to a speedy trial and that his representation by counsel was perfunctory only. Between plea and sentence, March '22,1955 to April 12,1955, the defendant had ample opportunity to communicate with and obtain advice from his assigned counsel.
The case of People v. Prosser (309 N. Y. 353, supra) is rather positive in laying down the rule that in a criminal action the speedy trial guarantee of the Constitution is available to a prisoner already serving a sentence in the same jurisdiction for a different crime. This case goes on to point out (p. 357) that an “ undue delay is ‘ not fixed by the statute in days or months ’ ” but depends “ ‘ upon the circumstance of each particular case ’ ” but, citing other cases, it positively states that a “six year lag ” was not consistent with the mandate for a speedy trial. In this case the lapse of five years would per se appear to violate the principle of a “ speedy ” trial. But section 668 of the Code of Criminal Procedure provides for situations where the defendant is responsible for the delay or where the prosecution shows “ good cause ” for the delay.
The initiative for prosecution of a criminal case is upon the People. Correspondingly, the initiative for raising the question of a delap in relation to the prosecution of the charge is upon the defendant.
There can be no serious contention that the defendant did not know the meaning or consequence of his plea of “ guilty ” to the 1950 Schenectady indictment, when he was arraigned in March, 1955.
The Appellate Division in People v. Begue (1 A D 2d 289, 293, supra) states: “ The objection that the defendant has not had a speedy trial must itself be speedily raised when the case is moved *225 for trial. Otherwise, the defendant could play fast and loose with the prosecution: he could go to trial when the case is moved and, if the verdict is in his favor, let it stand, but if it is against him, argue that it was too late to try the case and that the indictment should have been dismissed * * * The objection not having been raised prior to the rendering of the judgment of conviction, it cannot be raised years thereafter as a ground for vacating the judgment.” It appears, therefore, that the defendant raised the question of delayed prosecution too late. The facts herein spell out a waiver by the defendant of his right to a speedy trial.
The Prosser case and the Begue case each play an important part in interpreting the rules with relation to prosecuting a criminal case. The Prosser case bulwarks the constitutional right of a defendant to a speedy trial, while the Begue case puts a time limit upon when the defendant must assert his constitutional right. Coming as it does after judgment and sentence, this application in September, 1956, is tardy and ineffectual and therefore must be denied.
In the course of the argument the defendant and his counsel made certain references to the services of the assigned counsel. Certainly, neither the court nor the District Attorney is duty bound to inform the defense counsel of the criminal record of the defendant. It is incumbent upon the defendant to fully inform his own attorney of pertinent facts which might or could affect his legal position. The record furthermore clearly shows that the defendant was fully informed of his rights when the Judge in open court said, *' you are entitled to enter a plea of not guilty and demand a trial by jury, or you may, with advice of counsel, enter a plea of guilty,” to which both the attorney and the defendant personally and voluntarily entered a plea of guilty as indicted. To now assert that he did not know the nature of his act of pleading guilty to the indictment is not borne out by the actual replies, of the defendant as set forth in the record.
Of course the defendant is entitled to every constitutional right and guarantee, either as a free citizen or as a prisoner. However, he has not shown himself entitled to the relief he seeks herein.
Submit order.