Thomas Dickehs, J.
The particular defendant, Jeremiah J. Cronin, Jr., brings this motion to dismiss the several indictments as to himself, asserting as the reason lack of prosecution under section 668 of the Code of Criminal Procedure.
The defendant’s contention for the claim of lack of prosecution, is that the indictments have been pending for 33 months without a trial. Such being the state of the record, defendant Cronin insists that this court is, therefore, required to dismiss these indictments. In support of this contention, he relies heavily on People v. Prosser (309 N. Y. 353) for authority.
The Prosser case lays down the general rule that the burden rests upon the prosecution to see that a defendant receives a speedy trial. Nevertheless, this rule, within the reasoning of the Prosser case, holds good only where a defendant is ready at all times to go to trial. Where, however, a defendant consents to a postponement either actually or by implication or seeks an adjournment or is present in court for the purpose of trial but fails to assert his right to an immediate trial, he brings himself outside the strict application of the general rule. (See, also, People v. Knowles, 7 Misc 2d 222, 224.)
These exclusions from the general rule enunciated in the Prosser case, hold true in the case at bar.
The People’s affidavit discloses that the defendant Cronin was present on numerous occasions when postponements were had and at such times failed to interpose any objection or insist upon an immediate trial. These instances and other material incidents related in the People’s affidavit, indicate persuasively that defendant’s alleged grievance is without merit.
Accordingly, this motion is denied.